```
                                                          FILED
UNITED STATES DISTRICT COURT                      IN CLERK'S OFFICE
EASTERN DISTRICT OF NEW YORK                   U.S. DISTRICT COURT E.D.N.Y.
------------------------------------------------------------X    ★  MAY 0 1 2009
ALFREDO LEWIS,                                              P.M.
                                                         TIME A.M.
                Plaintiff,
                                                 MEMORANDUM AND ORDER
         - against -                                09-CV-1282 (RRM) (LB)

HSBC BANK and 113 PCT,

                Defendants.
------------------------------------------------------------X
MAUSKOPF, United States District Judge.
```

*Pro se* plaintiff Alfredo Lewis, who is currently incarcerated at the Vernon C. Bain Center on Rikers Island, brings this action pursuant to 42 U.S.C. § 1983.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's claims against HSBC Bank are DISMISSED. Plaintiff's claims against the remaining defendant shall proceed.

## BACKGROUND

Plaintiff alleges the following:

> On December 2, 2008 the 113 Pct broke into my place of home an[d] arrested me and others. I was told by the head officer that he had received paperwork that nobody lives at my home address. I explain to the officer that I and my roommate had to December 12, 2008 to be at my home address that the marshal would be asign [*sic*] to the house to [evict] me out of my home with proof of notice from landlord [tenant] court which is located at 88-11 Sutphin Blvd Jamaica, NY 11435. [T]his paperwork was issued to me and my roommate by a Judge on November 25, 2008.

Compl. at 3. Plaintiff further alleges as follows:

> I pointed out to the officer who shield number is on the complaint he was the officer who handle my paperwork in the 113 Pct and in my living room we had heavy words against each other which had caused that officer to pull out his penis an[d] urinated on me in front of rest of the officers who were [there] ... .

*Id.*

---

[1] This case was transferred to this Court from the United States District Court for the Southern District of New York by Order dated March 9, 2009.



1

Plaintiff also alleges that an agent for HSBC Bank had falsely reported to the 113th Precinct that plaintiff was in the house illegally. *Id.* Plaintiff names HSBC Bank and the "113 Pct" as defendants in the caption of his complaint. In the body of his complaint, plaintiff refers to at least two unnamed officers who were involved in the December 2, 2008 event. Plaintiff identifies one of those officers by Shield number 31327. *See id.* at 2. Plaintiff seeks, *inter alia*, unspecified money damages. *Id.* at 5.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). *See also Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *McEachin v. McGuinnis*, 357 F.3d 197 (2d Cir. 2004). At the same time, however, pursuant to 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court must dismiss a prisoner's complaint *sua sponte* if that complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*

## DISCUSSION

To maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)); *see also Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Section 1983 itself creates no substantive rights, [but] ... only a procedure for

redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)). As such, plaintiff's § 1983 claims cannot proceed against defendant HSBC Bank because HSBC bank is not a state actor. Those claims are hereby DISMISSED.

In addition, Plaintiff cannot pursue claims against the 113th Precinct because it is an agency of the City of New York and has no independent legal existence. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. *See Basnight v. Rossi*, No. 97-CV-1312, 2003 WL 722810, at *3 (E.D.N.Y. Mar. 4, 2003). Plaintiff is further advised that although the City of New York may be sued, plaintiff's complaint fails to state a claim against the City. The doctrine of *respondeat superior* cannot be used to establish municipal liability. *Richardson v. Nassau County*, 277 F. Supp. 2d 196, 204 (E.D.N.Y. 2003) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404-05 (1997)). Rather, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

Finally, although plaintiff's complaint does not identify by name the individual defendant(s) who may have personally been involved in the events surrounding his arrest on December 2, 2008, the Court directs that the Corporation Counsel of the City of New York ascertain the full names of the NYPD officers who were involved in plaintiff's arrest, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*). The Corporation Counsel is also directed to provide the addresses where the defendants can currently be served. The Corporation Counsel need not undertake to defend or indemnify those individuals at this juncture. This Order merely provides a means by which plaintiff

may name and properly serve the defendants, pursuant to the procedure recommended by the Second Circuit in *Valentin*. The Corporation Counsel is further directed to produce the information specified regarding the identity of these defendants within 45 days from the entry of this Order. Once that information is provided, plaintiff's complaint shall be deemed amended to reflect the full names of the defendants, summonses shall be issued, and the Court shall direct service on all the defendants. Once the proper defendants are identified, plaintiff's claims against the 113th Precinct will be deemed dismissed.

The Clerk of Court shall send a copy of this Order and plaintiff's complaint to the Corporation Counsel of the City of New York and to plaintiff. No summonses shall issue at this time. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of any such appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

## CONCLUSION

For the reasons set forth above, plaintiff's claims against HSBC Bank are DISMISSED. No summons shall issue as to that defendant. As to plaintiff's claims against the 113th Precinct, they will be dismissed and the Complaint amended in a manner consistent with this Order upon the parties' compliance with the requisites of this Order.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2009

ROSLYNN R. MAUSKOPF
United States District Judge